IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**SHELL TRADEMARK MANAGEMENT BV**
**and MOTIVA ENTERPRISES LLC**                                                       **PLAINTIFFS**

VS.                     **CASE NO. 5:09CV00192 JMM**

**FLABAMA PETRO, INC. ET AL.**                                       **DEFENDANTS**

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On March 30, 2010, the Plaintiffs' Motion for Default Judgment (Doc.# 20) came on for hearing. From the statements of counsel and the evidence presented the Court finds:

1. It has jurisdiction over the parties, subject matter, counts and claims of this action.

2. Flabama Petro, Inc., K & K Brothers Trading (USA), Inc., Epsilon Mart Corporation, Gamma Mart Corporation, Iota Mart Corporation and Delta Mart Corporation ("Defaulting Defendants") were properly served with summons and a copy of Plaintiffs' First Amended Complaint.  They have failed to answer or respond to the First Amended Complaint as provided by the Federal Rules of Civil Procedure, and they are wholly in default.

3. The trademarks and trade dress identified in Plaintiffs' First Amended Complaint herein ("Shell's Marks") are valid and enforceable, including without limitation U.S. Trademark Registration Nos. 98,112 and 286,178.

4. Defaulting Defendants have displayed and/or traded on Shell's Marks without authorization, and at some locations they continue to do so.  Accordingly, they and their

respective employees, agents, attorneys, officers, directors, shareholders, parents, subsidiaries, affiliates and related companies and assigns, and all those acting on behalf of or in concert with any of them, are hereby permanently enjoined as follows:

(a) They shall not use any of Shell's Marks or any confusingly similar expression(s) or derivation(s) thereof as a mark, name or trade dress for their goods, services or businesses;

(b) They shall not imitate, copy, counterfeit, dilute or make any unauthorized use of any of Shell's Marks;

(c) They shall not use any of Shell's Marks or any confusingly similar expressions or derivations thereof in any manner which is calculated or likely to cause confusion between Plaintiffs and Defaulting Defendants; and

(d) They shall not otherwise make any statements or engage in any conduct which is calculated or likely to cause others to believe that there is any connection, sponsorship, affiliation or other relationship between Plaintiffs and Defaulting Defendants.

5. Separate Defendant Flabama Petro, Inc. (Flabama) displayed and traded on Shell's Marks at the four separate store locations described in the First Amended Complaint, with such display and trade continuing from approximately the summer of 2006 through the summer of 2008, a period of twenty four months. The evidence shows that during this time period, Flabama would have sold approximately 180,000 gallons of fuel per month in the aggregate, with a profit margin of $0.06 per gallon. Pursuant to 15 U.S.C. § 1117, the Court awards Plaintiffs $259,200.00 as actual damages against Flabama. Further, because Flabama's actions continued in spite of Plaintiffs' demands, as shown by the letters attached to the First Amended Complaint, the Court finds that Plaintiffs' actual

damages should be trebled or otherwise increased pursuant to 15 U.S.C. § 1117, for a total damage award against Flabama of $777,600.00, plus attorney's fees and costs of $18,657.13.

6. Separate Defendant K & K Brothers Trading (USA), Inc. (K & K) displayed and traded on Shell's Marks at two separate store locations described in the First Amended Complaint, with such display and trade continuing from approximately the late summer of 2008 through the date of this judgment, a period of approximately nineteen months. The evidence shows that during this time period, K & K would have sold approximately 60,000 gallons of fuel per month in the aggregate, with a profit margin of $0.06 per gallon. Pursuant to 15 U.S.C. § 1117, the Court awards Plaintiffs $68,400.00 as actual damages against K & K, plus attorney's fees and costs of $1,061.90.

7. Interest will accrue on the amounts awarded herein at the maximum rate allowed by law.

8. Pursuant to Fed. R. Civ. P. 54 (b), the Court determines there is no just reason for delay in enforcement of this judgment, and the judgment should be final as to the Defaulting Defendants, with the Court retaining jurisdiction to enforce the injunction awarded in Paragraph 4.

9. Plaintiffs' action will continue as against Separate Defendant M.R. Petroleum, LLC, and a scheduling order will be entered as to it.

IT IS SO ORDERED this   22   day of April, 2010.

_____
James M. Moody
United States District Judge

3